**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BRYCE WOODS**
**ADC #150633**                                                                                **PLAINTIFF**

**V.**                              **CASE NO. 1:14-CV-077 KGB/BD**

**CHAD McGOWAN, et al.**                                                           **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**II.     Discussion:**

In cases filed by prisoners against state actors, the Court is obligated to summarily dismiss any claim that is frivolous or malicious; that fails to state a claim upon which relief may be granted; or that seeks monetary relief from a defendant who is immune from such liability. 28 U.S.C. § 1915A(b). Based on the information contained in Mr. Woods's complaint, his claims cannot go forward.

In his complaint, Mr. Woods, an Arkansas Department of Correction ("ADC") inmate housed at the North Central Unit, claims that ADC officials have consistently harassed him based on his race and sexual orientation. It should be unnecessary to say that the kind of conduct alleged in the Complaint is hateful, grossly unprofessional, and counter-productive to any legitimate penalogical goal. Nonetheless, even if Mr. Woods's allegations are true, words alone cannot ordinarily support a constitutional claim under current law. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000)(yelling, screaming, name-calling, and other verbal abuse do not rise to the level of a constitutional violation).

In addition, Mr. Woods's allegation that Defendant McGowan issued a false disciplinary against him, even if true, also falls short of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(citing *Freeman v. Rideout*, 808

F.2d 949, 951–52 (2nd Cir. 1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Woods has not alleged or identified any retaliatory motive that Defendant McGowan might have had to issue a false disciplinary. And even if he had, placement in segregation for a relatively short time, even if it means a temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. See *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)(holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship).

Mr. Woods also alleges that Defendant McGowan threatened to interfere with Mr. Woods's parole or classification, and that the Defendants have denied him the right to a polygraph examination.[1] Unfortunately for Mr. McGowan, he has no constitutional right to either parole or a particular classification while in prison. See *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)(due process clause does not create a protected liberty interest in the possibility of parole or release before completion a validly imposed sentence); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, * 1 (8th Cir. 2007)(unpub. per curiam)(inmate had "no constitutionally protected liberty interest in the possibility" of parole); *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005)

---

[1] Specifically, Mr. Woods claims that Defendant McGowan would do "whatever it takes to knock me off." (#2 at p.5)

3

(unpublished per curiam)(holding that inmate did not have a constitutional right to a particular classification); and *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003)(same). Moreover, Mr. Woods has no constitutional right to a polygraph examination. See *Charles v. Otts*, No. 08–6095, 2009 WL 1175170, *2 (W.D. Ark. Apr.28, 2009)("there is no federal constitutional right to undergo a polygraph examination").

Further, in his request for relief, Mr. Woods seeks only to be transferred to another ADC facility. The Court cannot grant that kind of injunctive relief. Inmates have no right to be housed in a particular penal unit or institution. *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003)(unpub. per curiam)(citing *Olim v. Wakinekona*, 461 U.S. 238, 245–48, 103 S.Ct. 1741 (1983)).

Finally, Mr. Woods improperly names the North Central Unit of the ADC as a Defendant. A penal institution is not a "person" that can be sued under 42 U.S.C. § 1983. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004)(per curiam).

## III. Conclusion:

The Court recommends that Mr. Woods's claims against Defendants McGowan and White be DISMISSED, without prejudice. His claims against the North Central Unit should be DISMISSED, with prejudice.

DATED this 11th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE