IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRYCE WOODS                                                                                        PLAINTIFF
ADC #150633

v.                               Case No. 1:14-cv-00077-KGB-BD

CHAD MCGOWAN, *et al.*                                                                    DEFENDANTS

## ORDER

The Court has received a Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere (Dkt. No. 4). After carefully reviewing the Recommendation and timely objections (Dkt. No. 5), and upon conducting a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects. Plaintiff Bryce Woods's claims against defendants Chad McGowan and David White are dismissed without prejudice. His claims against the North Central Unit of the Arkansas Department of Correction are dismissed with prejudice.

The Court writes separately to address Mr. Woods's objections. First, Mr. Woods clarifies that he intended to bring an equal protection claim against defendants because "[t]hey are consistently treating me differently" (Dkt. No. 5). Specifically, he argues that he has or deserves a "fundamental right to go to [general] population like everybody else" (*Id.*). "The Fourteenth Amended requires that the government 'treat similarly situated people alike,' a protection that applies to prison inmates." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). Because Mr. Woods does not have a fundamental right to be housed in the general population of the prison, *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994), he must show that he is treated differently than a similarly situated class of inmates and that the different treatment bears no rational relation to any legitimate penal interest. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th

Cir. 1998) (en banc). Mr. Woods stated that he was segregated from the general population because "another inmate lied on [him]" (Dkt. No. 2, at 4), but he has failed to allege facts showing that another similarly situated inmate was treated differently or that the different treatment bears no rational relation to any legitimate penal interest. Accordingly, based on this information in his complaint, Mr. Woods fails to state a claim upon which relief may be granted.

Second, Mr. Woods claims that defendants violated ADC policy by not giving him a polygraph examination. Even if these actions violated ADC policy, any failure to follow policy is not actionable by itself. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Third, Mr. Woods argues that his treatment amounts to cruel and unusual punishment in violation of the Eighth Amendment. "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Brown*, 33 F.3d at 955 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Two conditions must be met for a prison official to violate the Eighth Amendment: "(1) the deprivation alleged is sufficiently serious—the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acts with 'deliberate indifference'—he knows of and disregards an excessive risk to inmate health and safety." *Id.* With those standards in mind, Mr. Woods has not alleged an Eighth Amendment violation.

SO ORDERED this the 8th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE